UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETURA BILLIE,<br>    *Plaintiff,*<br><br>    v.<br><br>KEVIN DUBAY *et al.*,<br>    *Respondents.* | No. 3:22-cv-562 (JAM) |

**INDICATIVE RULING RE
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND ORDER STAYING DISTRICT COURT PROCEEDINGS
PENDING DETERMINATION OF APPEAL**

The Court issues this indicative ruling with respect to plaintiff's motion for leave to

proceed *in forma pauperis* and also stays this action and all filing deadlines pending the

determination of plaintiff's pending appeal to the U.S. Court of Appeals for the Second Circuit.

**BACKGROUND**

On April 19, 2022, plaintiff Petura Billie filed a complaint against numerous defendants.[1]

Billie also filed a motion for leave to proceed *in forma pauperis*.[2] I denied the motion for leave

to proceed *in forma pauperis* as follows:

ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
(Doc. # 2). Plaintiff has filed this *pro se* civil RICO action against numerous judges and
attorneys. Plaintiff has moved for leave to proceed *in forma pauperis*, and her affidavit
demonstrates that plaintiff earns $3,400 per month (currently from workers compensation
in connection with employment at the US Postal Service). Although plaintiff lists
obligations that exceed this income, it does not appear that plaintiff has any dependents
or that plaintiff cannot reasonably decrease spending in order to pay the filing fee. For
example, plaintiff alleges an extraordinary amount of $500 per month spent on clothing,
as well as other unspecified insurance insurance payments of $200 per month, a $180
phone bill per month, and $900 per month on cable, car gas and another unintelligible
item. Plaintiff has not demonstrated that payment of the filing fee would impose
substantial hardship or require foregoing the necessities of life. *See Potnick v. Eastern
State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983 (*per curiam*). Accordingly, the Court
DENIES the motion for leave to proceed *in forma pauperis* (Doc. # 2), and plaintiff shall

---

[1] Doc. #1.
[2] Doc. #2.

pay the filing fee on or before May 23, 2022, or this action shall be dismissed. It is so ordered.

On May 20, 2022, Billie paid the filing fee of $402. Three days later, on May 23, 2022, Billie filed both a notice of appeal from my denial of the motion for leave to proceed *in forma pauperis* and also an "objection" to the order.[3] Billie's objection maintained that I had overlooked that she identified two dependents in her motion and that I should have allowed her an opportunity to clarify or supplement her submission.[4]

On May 25, 2022, I entered an order stating that I could not address Billie's "objection" because she had filed a notice of appeal that prevented me from ruling on the subject of the appeal.[5] On the same day, I also entered an order acknowledging Billie's payment of the filing fee and instructing her to "ensure that she timely completes service of process on each of the defendants as required under Rule 4 of the Federal Rules of Civil Procedure" and that "[p]laintiff may also wish to consult the Court's 'Guide for Self-Represented Litigants' which is available on the Court's website for further guidance about her obligations to ensure that each defendant is properly and timely served."[6]

Since then Billie has had considerable difficulties effectuating service of process on the defendants. At first, she tried to serve process by means of priority mail packages she sent to numerous defendants. I entered an order explaining that such means of service of process does not satisfy the requirements of Rule 4 of the Federal Rules of Civil Procedure, *see DeCormier v. Brey*, 2020 WL 13536695, at *1 (D. Conn. 2020), and allowing her additional time until September 29, 2022 to serve the defendants.[7] More recently, Billie has filed a document titled

---

[3] Docs. #7, #8.
[4] Doc. #7 at 2, 4–5.
[5] Doc. #11.
[6] Doc. #10.
[7] Doc. #17.

"Proof of Service" which reflects that she sent waivers of service of process to some of the defendants.[8] These waivers have not yet been returned, and it looks like Billie has a misimpression that merely sending a defendant a waiver request is enough to satisfy her obligation to serve process.

The upshot is that this action is on the verge of being dismissed for failure to properly serve process on the defendants, and it is unclear that Billie understands the process she must follow. If, however, Billie were granted leave to proceed *in forma pauperis*, she would have the assistance of the Clerk's Office and the U.S. Marshals Service to effectuate service of process. *See* Fed. R. Civ. P. 4(c)(3); U.S. District Court for District of Connecticut, *Guide for Self-Represented Litigants* at 8–10 (Rev. Mar. 7, 2022). Therefore, notwithstanding that Billie has paid the filing fee, my ruling on the motion for leave to proceed *in forma pauperis* has significant implications for her ongoing ability to litigate this action.

## DISCUSSION

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). In light of this basic rule, the Federal Rules of Civil Procedure allow a district court to issue an indicative ruling on a motion for relief that is barred by a pending appeal. "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) *state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue*." Fed. R. Civ. P. 62.1(a) (emphasis added). The rule

---

[8] Doc. #18.

further provides for prompt notification to the court of appeals "if the district court states that it would grant the motion or that the motion raises a substantial issue" and that "[t]he district court may decide the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(b)–(c).

As an initial matter, I consider Billie's "objection" that she filed on May 23, 2022 to be a motion for reconsideration pursuant to D. Conn. L. Civ. R. 7(c)(1). Although such motions are required to be filed within seven days and Billie did not file her motion until more than one month after I denied her motion for leave to proceed *in forma pauperis*, I would have granted a reasonable extension of time because of Billie's self-represented status.

I also would have granted her "objection" motion for reconsideration on the ground that I erred in stating in my ruling on the motion for leave to proceed *in forma pauperis* that "it does not appear that plaintiff has any dependents."[9] If I had not overlooked that Billie had identified two persons in her motions as dependents (without further details), I would have requested more information from her to substantiate her claim of *in forma pauperis* status rather than denying the motion altogether. To be sure, the items about which I raised concerns appear a bit high even for a family of three (such as $500 for clothing and $900 for cable and gas), but there may well be reasons that explain them, and Billie should have a further opportunity to do so.

In short, by means of this indicative ruling, I certify that—in the event that the court of appeals remands for this purpose—I would grant the motion for reconsideration and vacate my denial of the motion for leave to proceed *in forma pauperis* in order to request more information from Billie about her financial status before ruling again on whether she should be permitted to proceed *in forma pauperis*.

---

[9] Doc. #6.

As noted above, the disposition of Billie's motion for leave to proceed *in forma pauperis* has significant implications for service of process on the defendants. In view of the substantial likelihood that Billie will be permitted to proceed *in forma pauperis* and that she would then receive assistance from the Clerk's Office and the U.S. Marshals Service, I do not intend to require her to make further efforts at this time to serve process. Instead, it makes sense to enter a stay of further proceedings in this action. If I do not enter a stay, it is likely that Billie would be unable to serve process on her own by the current deadline of September 29, 2022, and that the action would be dismissed.

### CONCLUSION

The Court ISSUES this indicative ruling with respect to plaintiff's motion for leave to proceed *in forma pauperis* and also STAYS this action and all filing deadlines pending the determination of plaintiff's pending appeal to the U.S. Court of Appeals for the Second Circuit. Billie should promptly notify the court of appeals of this ruling pursuant to Fed. R. Civ. P. 62.1(b), and the Clerk of Court is also requested to promptly forward a copy of this ruling to the court of appeals.

It is so ordered.

Dated at New Haven this 22nd day of September 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge